Otjllen, J.
—That the title of the defendant is and has been good I think now appears beyond dispute, for it is unquestioned that John Barrie was a mere conduit through whom the title was transferred from Tomlinson to his wife Ellen.
*816 The dower of the wife of John Barrie, therefore, never attached to the property. The title offered also is, in my opinion, marketable; but I have had much doubt whether the title was marketable originally. The deed from Tomlinson to Barrie, as appears by the record, was defective in the acknowledgment. Hence, the deed was not entitled to be recorded, and the actual record was not notice to subsequent purchasers, but, pending the carrying out of the contract of sale, the plaintiff received actual notice of the existence of the deed, while the proof of the circumstances attending the conveyance and its object was not produced till the trial of this action. After such actual notice the plaintiff was probably justified in refusing to take title until the defect was cured, but, as the title is now shown to be good, I think the contract should be carried out.
The defendant should, at her option, have judgment for its specific performance, but, if she declines to carry out the contract, I think she should repay the deposit paid by plaintiff.
Judgment accordingly, without costs to either party.